IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Leslie Jay Shayne, a/k/a Les Shayne, a citizen and resident of South Carolina, Pro Se, and on behalf of Charlotte Shayne, his 96 year old incapacitated mother, as her court appointed guardian and conservator (S.C.),<br><br>Plaintiff,<br><br>vs.<br><br>Sondra Lampl, a citizen and resident of the State of New Jersey,<br><br>Defendant. | Civil Action No. 8:19-cv-20-BHH<br><br>**ORDER AND OPINION** |

Plantiff Leslie Jay Shayne ("Plantiff"), proceeding *pro se*, filed this action seeking a judgment declaring that an order issued by a South Carolina Probate Court is in full force and effect, and that a contrary order issued by a New Jersey Probate Court is vacated and is null and void. (ECF No. 1.) This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On January 18, 2019, Magistrate Judge McDonald issued a Report recommending that this case be summarily dismissed *without prejudice*, and without issuance of any service of process. (ECF No. 8.) Plaintiff filed objections (ECF No. 14) to the Report on January 31, 2019, as well as a motion for extension of time to file additional objections (ECF No. 13).

1

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court must make a *de novo* determination of those portions of the Report, or specified proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the Report or may recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *De novo* review is also "unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g.*, *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).[1] The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence

---

[1] The Court applies the rule of liberal construction in this case even though it appears that Plaintiff is a licensed attorney.

of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

Magistrate Judge McDonald concluded that this case must be dismissed for lack of subject matter jurisdiction. Specifically, the Magistrate Judge found that the *Rooker-Feldman* doctrine bars the exercise of federal jurisdiction where, as here, a plaintiff seeks to overturn a state court order in a federal district court. (*See* ECF No. 8 at 3-5.) The Fourth Circuit has explained the purpose and scope of the *Rooker-Feldman* doctrine in the following manner:

> The *Rooker–Feldman* doctrine provides that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Only habeas corpus petitions or actions sounding in habeas corpus are excepted from the *Rooker–Feldman* bar. *See Plyler*, 129 F.3d at 732, 733.
>
> *Rooker–Feldman* bars not only direct review of issues actually decided by the state court, but also consideration of those claims which are "inextricably intertwined" with state court decisions. *See Feldman*, 460 U.S. at 486–87, 103 S. Ct. 1303; *Plyler*, 129 F.3d at 731. The "inextricably intertwined" prong of the doctrine bars a claim that was not actually decided by the state court but where "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731 (internal quotation marks omitted). Under either the "actually decided" or the "inextricably intertwined" prong, the principle is the same: "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994).

3

*Rooker–Feldman* is one of a number of doctrines that safeguards our dual system of government from federal judicial erosion. *Cf. Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970) ("[F]rom the beginning we have had in this country two essentially separate legal systems. Each system proceeds independently of the other with ultimate review in [the Supreme] Court of the federal questions raised in either system."). The independence of state courts would surely be compromised if every adverse decision in state court merely rang the opening bell for federal litigation of the same issues.

Even more fundamentally, the *Rooker–Feldman* doctrine is rooted in the principle of separation of powers. It rests on two basic propositions of federal jurisdiction. First, Congress has vested the authority to review state court judgments in the United States Supreme Court alone. *See* 28 U.S.C. § 1257(a); *Feldman*, 460 U.S. at 482, 103 S. Ct. 1303. The *Rooker–Feldman* doctrine thus "interprets 28 U.S.C. § 1257 as ordinarily barring direct review in the lower federal courts of a decision reached by the highest state court, for such authority is vested solely in [the Supreme] Court." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 622, 109 S. Ct. 2037, 104 L. Ed. 2d 696 (1989). Second, Congress has empowered the federal district courts to exercise only original jurisdiction. *See, e.g.*, 28 U.S.C. § 1331, 1332; *Rooker*, 263 U.S. at 416, 44 S. Ct. 149. "While the lower federal courts were given certain powers in the [Judiciary Act of 1789], they were not given any power to review directly cases from state courts, and they have not been given such powers since that time." *Atlantic Coast Line*, 398 U.S. at 286, 90 S. Ct. 1739. And it is well settled that "Congress has the constitutional authority to define the jurisdiction of the lower federal courts." *Keene Corp. v. United States*, 508 U.S. 200, 207, 113 S. Ct. 2035, 124 L. Ed. 2d 118 (1993).

Importantly, "the *Rooker–Feldman* doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 (4th Cir. 1997); *accord FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) ("We have interpreted the doctrine to encompass final decisions of lower state courts."). "The *Rooker–Feldman* doctrine is in no way dependent upon the temporal procedural posture of the state court judgment." *Jordahl*, 122 F.3d at 202. "[R]ather, the doctrine reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." *Id.*

Finally, *Rooker–Feldman* also applies to interlocutory orders issued by state courts. Indeed, "[i]t cannot be the meaning of *Rooker–Feldman* that, while the inferior federal courts are barred from reviewing final decisions of state

4

> courts, they are free to review interlocutory orders." *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 138 (2d Cir. 1997) (internal quotation marks omitted); *see also Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n.1 (8th Cir. 1995) (noting that "*Rooker–Feldman* is broader than claim and issue preclusion because it does not depend on a final judgment on the merits").

*Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). Plaintiff's complaint by its plain terms seeks to vacate and declare null and void a New Jersey state court order in favor of a conflicting South Carolina state court order. (*See* ECF No. 1 at 26-27.) This Court has no jurisdiction to hear such a claim.

Plaintiff filed objections (ECF No. 14) to the Report, which the Court has carefully reviewed.[2] Plaintiff argues that it is essential for this Court to exercise jurisdiction in this case due to emergent circumstances involving the health and wellbeing of his ninety-six (96) year old mother, who is currently located at a Medicaid facility in New Jersey. (*See id.*) The Court is sympathetic to Plaintiff's plight and his desire to safeguard his mother's wellbeing; however, the objections do not provide any legal or factual basis upon which this Court can ground subject matter jurisdiction. If this Court were to exercise jurisdiction it would contravene controlling precedent, violate fundamental principles of the separation of powers, and breach the Court's duty of comity to the state courts in question. Moreover, Plaintiff's request for an extension of time in which to file additional objections is denied as moot, because no creative argument will cure the fundamental defect in the complaint—a failure to allege a cause of action over which this Court has subject matter jurisdiction.

The Court finds that the Report fairly and accurately summarizes the facts and

---

[2] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference herein, to the degree not inconsistent. Comprehensive recitation of law and fact exists there.

applies the correct principles of law, and the Court agrees with the analysis of the Magistrate Judge. Accordingly, this matter must be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, and after *de novo* review, the Court overrules Plaintiff's objections, and adopts and incorporates by reference the Magistrate Judge's Report. Plaintiff's motion for an extension of time to file additional objections (ECF No. 13) is DENIED as moot. Accordingly, this action is DISMISSED *without prejudice*.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 4, 2019
Charleston, South Carolina